IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Wilkes-Barre)

| | |
|---|---|
| IN RE:<br>Geddes Sean Schubert Gibbs<br>    Debtor<br><br>Freedom Mortgage Corporation,<br>    Movant<br><br>vs.<br>Geddes Sean Schubert Gibbs<br>    And<br>Natalie Gibbs, (NON-FILING CO-DEBTOR)<br><br>    Respondent | Case No. 5:24-bk-00457-MJC<br><br>Chapter 13<br><br><br><br>11 U.S.C. §362 |

## ORDER MODIFYING SECTION §362 AUTOMATIC STAY

Upon consideration of the Motion of Freedom Mortgage Corporation (Movant), and after Notice of Default and the filing of a Certification of Default, Dkt. # 68, it is:

**ORDERED AND DECREED**: that Movant shall be permitted to reasonably communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law; it is further

**ORDERED** that Relief from the Automatic Stay of all proceedings, as provided under 11 U.S.C. §362 is granted with respect to 59 Coach Road, Stroudsburg, PA 18360 (hereinafter the Premises) (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors or assignees, to proceed with its rights under the terms of said Mortgage; it is further

**ORDERED** that the Trustee is directed to cease making any further distributions to the Movant; it is further

**ORDERED** that Rule 4001(a)(3) is not applicable and Freedom Mortgage Corporation may immediately enforce and implement this Order granting Relief from the Automatic Stay; and it is further

**ORDERED** that FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1 is no longer applicable to Movant, its successors and assignees.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: November 4, 2024