UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Case No. 5:24-bk-00457-MJC |
| Geddes Sean Schubert Gibbs, | : | Chapter 13 |
| Debtor, | : | |
| Alfred McZeal, Jr., | : | |
| Movant, | : | |
| v. | : | |
| Paige Kilburn, | : | |
| Respondent. | : | |

## ORDER DENYING EX PARTE MOTION
## TO SET ASIDE VOID BANRUPTCY ORDER

Upon consideration of the Ex Parte Motion to Set Aside the Void Bankruptcy Order ("Motion"), Doc. 191, filed by Alfred McZeal, Jr. ("McZeal"), and the Objection to the Motion ("Objection"), Doc. 195, by Paige Kilburn ("Kilburn");

**AND**, the Court having held a hearing on the Motion on August 14, 2025;

**AND**, McZeal seeks to set aside this Court's order entered on June 27, 2025 ("Order"), Doc. 173, which supplemented and corrected the Record in the Appeal pursuant to Fed. R. Bank. P. 8009(e)[1];

---

[1] McZeal filed an appeal of this Court's Order dated May 20, 2025, Doc. 143, which lifted the automatic stay imposed by 11 U.S.C. §362(a), to allow Kilburn to continue with her eviction action pending against McZeal in California. Said appeal is pending in the District Court, No. 25-00818-MEM.

**AND**, McZeal having failed to timely file a motion to reconsider pursuant to Bankruptcy Rule 9023 or a timely appeal the June 27, 2025 Order, pursuant to Bankruptcy Rule 8002(a)(1);

**AND**, McZeal having filed the Motion on July 22, 2025 pursuant to Rule 60(b)(4)[2] on the grounds that the underlying Order of the Court was void;

**AND**, McZeal contending that he was not provided with adequate notice of the Motion to Supplement the Record ("Motion to Supplement"), Doc. 165, and as result was deprived of his due process rights thus voiding the Order. Due process being not as simplistic as service of a motion, but rather must be "reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 272 (2010) (*quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). McZeal having been properly served per the Certificate of Service attached to the Motion to Supplement, Doc. 166, having access to the docket via ECF, and having been provided with the opportunity to be heard at the hearing on June 27, 2024, and declining such opportunity has been provided with "reasonably calculated" opportunities to present any objection and, as such, has not established that he was denied due process;

**AND**, McZeal having blatantly misrepresented the holdings of Courts cited to in his brief and having cited to false quotes in the same brief in violation of Bankruptcy Rule 9011. Specifically, McZeal cited to several cases he claimed supported his contention that any Order regarding the record on appeal was void for lack of jurisdiction. None of the case cited by Mr.

---

[2] Bankruptcy Rule 9024 incorporates Fed. R. Civ. P. 60.

McZeal in his brief held as much.[3] Perhaps more egregiously, McZeal included "quotes" in his brief from those cases supporting his position that were completely fabricated.[4] Upon questioning at the August 14, 2025 hearing regarding these misrepresentations and outright falsehoods, McZeal admitted that he had not verified the accuracy of the quotes or law cited in his brief and had relied on "Google" for his research;

**AND**, McZeal having certified by his signature on the Motion and Brief that to the best of his knowledge the information and law in his Motion and Brief were accurate and later stating on the record that he had not verified as much in violation of Bankruptcy Rule 9011, which explicitly states that "[b]y presenting to the Court a petition, pleading, written motion…an attorney or unrepresented party certifies that, to the best of the person's knowledge, information and believe formed after an inquiry reasonable under the circumstances…(2) the claims, defenses, and other legal contentions are warranted by existing law, or to establish new law." Bankruptcy Rule 9011(b)(2);

**AND**, Bankruptcy Rule 8009(e)(1) and (e)(2) having granted specific jurisdiction to the Bankruptcy Court to correct and/or supplement the record in order ensure the accuracy of the record provided to the District Court. *See In Re Ames Department Stores, Inc.*, 320 B.R. 518, 520 n. 2 (S.D.N.Y. 2005) ("the docketing of the appeal in the district court did not divest the bankruptcy court of jurisdiction to determine the contents of the record on appeal"); *In re*

---

[3] McZeal cites to *In Re Strawberry Square Assoc.* 152 B.R. 699 (Bankr. EDNY 1993), *In re Rimsat*, 98 F.3d. 956 (7th Cir 1996), and *In Re BWP Transport*, 462 B.R. 231 (E.D. Mich 2011) claiming that all three cases hold that orders issued by the court following a district court appeal are "without effect and void." None of the cited cases stand for this proposition. In fact, *BWP Transport* and *In Re Rimsat* include absolutely no references to the treatment of trial court orders following appeal to the District Court.

[4] McZeal includes several "quotes" in his Motion and Brief from the aforementioned cases that proved to be falsely quoted, including "Post-Transfer action is without effect and void", citing to *In Re Strawberry Square Assoc.* at 702, and "[t]he bankruptcy court has no authority to alter or supplement the record", citing to *In re Rimsat* at 961. Neither quote is in the respective case. He also claims that in *BWP Transport* was ruled on in Missouri, it is a Michigan case, and the quote that Orders entered post district court docketing were "beyond [the] jurisdiction and void" does not exist.

*Digerati Techs., Inc*., 531 B.R. 654 (Bankr. S.D. Tex. 2015) (holding that the language of Rule 8009(e) plainly gives the bankruptcy court jurisdiction over disputes as to the contents of the record on appeal); *In re Barrick Grp., Inc.*, 100 B.R. 152, (Bankr. D. Conn. 1989) (holding that the bankruptcy court should determine whether disputed items in the record on appeal "played any part in its deliberations.");

**AND,** for the reasons stated above and on the record at the hearing held on August 14, 2025, it is hereby

**ORDERED** that the Motion to Set Aside the Void Bankruptcy Order is **DENIED**.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: August 18, 2025